DECISION AND JUDGMENT ENTRY
This case is before the court following appellant James Hammon's jury trial and conviction in the Erie County Court of Common Pleas for one count of drug abuse, in violation of R.C. 2925.11. For the reasons that follow, we reverse the decision of the trial court.
The relevant facts are as follows. On April 19, 1995, appellant was indicted on one count of drug abuse and one count of tampering with evidence. The charges stem from a March 6, 1995 traffic stop which was initiated because appellant was known not to have a valid Ohio operator's license.
The case proceeded to trial on July 3, 1997 and concluded on July 8, 1997. Appellant was found guilty of drug abuse and was acquitted of tampering with evidence. He was sentenced to three to five years in prison.
Appellant now raises the following six assignments of error:
 "I. Mr. Hammon's conviction violated the Due Process Clauses of the state and federal constitutions, because there was insufficient evidence to prove that he had possessed cocaine in Erie County on March 6, 1995. U.S. Const. amend. XIV; Section 16, Art. I, Ohio Const. (Rev. Tr. Vol. III, p. 443).
 "II. The trial court erred in allowing the jury to hear Mr. Lockhart's accusations that the alleged crack found on Mr. Lockhart was Mr. Hammon's, in violation of the Confrontation Clauses of the state and federal constitutions and Evid.R. 802. U.S. Const. amend. VI; XIV; Section 10, Art. I, Ohio Const. (Rev. Tr. Vol. II, p. 232).
 "III. Mr. Hammon has been denied his right to a speedy appeal, in violation of the Due Process Clauses of the state and federal constitutions. U.S. Const. XIV; Section 16, Art. I, Ohio Const.
 "IV. The trial court erred to Mr. Hammon's prejudice by failing to employ an adequate recording device to maintain a complete record of all proceedings, thereby denying Mr. Hammon his rights to a record of the proceedings, due process, and the effective assistance of appellate counsel. U.S. Const. Amend. VI, XIV; Sections 10, 16, Art. I, Ohio Const; Crim. R. 22. (Trial Transcripts)
 "V. The trial court erred in sentencing Mr. Hammon for Drug Abuse with a specification because the State failed to prove the specification, and the court failed to make a determination of the specification. R.C. 2929.11(D), repealed 1996. (Rev. Tr. Vol. III, p. 512; Ex. A — Sentencing entry p. 2)
 "VI. Mr. Hammon's conviction is against the manifest weight of the evidence."
Because appellant's third assignment of error is dispositive, we shall address it first. Appellant argues that the three and one-half year delay between his conviction and the decision on appeal denied appellant his due process right to a speedy appeal.
In support of his argument, appellant cites the Sixth Circuit Court of Appeals case captioned United States v. Smith (C.A.6 1996), 94 F.3d 204. In Smith, the court acknowledged that the Due Process Clause affords an appellant "a minimum expectation of a reasonably timely appeal." Id. at 207. The court then adopted the speedy trial analysis set forth inBarker v. Wingo (1972), 407 U.S. 514, modifying it to fit within the appellate framework. Id. The factors considered include length of delay, reason for delay, appellant's assertion of his right, and prejudice. Under the prejudice factor, the Smith court considered the following three parallel interests:
 "'(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired.'" Id., quoting Harris v. Champion (C.A.10 1994), 15 F.3d 1538, 1559.
The first factor, under Smith, is length of the delay. The court notes that most courts evaluating appellate delay do so on a case-by-case basis. Looking at the length of the delay in this case, we find that appellant was convicted and sentenced on July 16, 1997, and his original notice of appeal was filed on July 17, 1997. Appellant's appeal was dismissed on December 23, 1997, because appellant's counsel failed to file a merit brief. On February 2, 1999 we granted appellant's motion to reopen his appeal.
On May 4, 1999, appellant filed a motion for an extension of time to transmit the record. Appellant requested the extension due to the size of the transcript and the fact that the Erie County Court of Common Pleas tape records its proceedings which, due to the equipment used, must transcribed in the courtroom when court is not in session. We granted the extension.
Thereafter, several extensions were filed. The extensions were again requested due to the size of the trial transcript and the difficulties in transcription. The requests were granted.
The five hundred page trial transcript was filed on January 21, 2000, and, according to this court's calculations, contained approximately nine hundred eighty-seven inaudibles. On May 2, 2000, we ordered that an audio expert be retained to attempt to enhance the recordings of appellant's trial. Thereafter, we ordered the trial court to deliver the tapes to the expert. The audio expert had difficulty playing back the tapes because the equipment they were recorded on was "antiquated."
A revised transcript was filed on February 12, 2001. Only about one-half of the inaudibles were deciphered.
App.R. 10(A) requires that the record, including the transcript, be filed within forty days of filing the notice of appeal. A delay of two years, under the facts of this case, requires that we take a closer look at the reasons for such delay.
As alluded to above, at the time of appellant's trial the Erie County Court of Common Pleas' recording system was undeniably antiquated. After great length and cost the transcript was finally complete enough, we believe, to be constitutionally adequate. We find that the reason for the delay must be charged to the trial court, due to the ineffective recording device and delay in relinquishing the tapes. This court is aware of other instances where trial transcripts from Erie County have contained inordinate numbers of inaudibles. We find this unacceptable.
As to the third Smith prong, assertion of the right, the appellate record does not contain evidence that appellant, prior to his amended brief, asserted his right to a speedy appeal. This fact, however, does not mean that such right is waived. See Smith at 210.
Finally, we must determine whether appellant was prejudiced by the delay. The first Smith consideration is oppressive incarceration pending appeal. This factor we find clearly weighs in appellant's favor. At the time of this review, appellant has already served his prison sentence for the charge for which he was convicted. We further note that the fact that appellant's original appellate counsel was ineffective, combined with the inordinate delay in transmitting the trial transcript most certainly, under the second Smith consideration in determining prejudice, caused appellant concern and anxiety over the state of this appeal. Appellant did not make any arguments as to the third Smith
consideration, prejudice in appellant's ability to assert his defenses during retrial or resentencing. Based on the foregoing, we find that appellant was prejudiced by the delayed appeal.
Appellant's third assignment of error is well taken. Based on our disposition of appellant's third assignment of error, we find appellant's first, second, fourth, fifth and sixth assignments of error moot.
On consideration whereof, we find that appellant's due process right to a reasonably timely appeal has been violated. Accordingly, the judgment of the Erie County Court of Common Pleas is reversed and appellant's conviction is vacated. Costs assessed to appellee.
 JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.